IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 22-28-M-DLC |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| JACOB ISRAEL STRONG, | |
| Defendant/Movant. | |

Before the Court is Jacob Israel Strong's ("Strong") 28 U.S.C. § 2255 Motion to Vacate Judgment. (Doc. 149.) Strong, proceeding pro se, challenges the 36-month sentence imposed after a jury found him guilty of International Parental Kidnapping. *See e.g.*, Judg., (Doc. 114.) Strong alleges trial counsel provided ineffective assistance during his proceedings. *See generally*, (Doc. 149.)

**I.   Preliminary Review**

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court is to review the § 2255 "motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack[.]" Rule 4(b), Rules

1

Governing Section 2255 Proceedings for the United States District Courts. A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Id.* A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II.    Background

On September 24, 2021, Strong was charged by Complaint with Unlawful Flight to Avoid Prosecution. (Doc. 1.) On June 1, 2022, an Indictment was handed down charging Strong and his mother, Candace Kathleen Bright ("Bright"), with Conspiracy to Commit International Parental Kidnapping (Count I), and International Parental Kidnapping (Count II). *See*, (Doc. 5.) Bright was also charged with four counts of False Statements (Counts III-VII). (*Id.*) The crux of these charges stemmed from acts jointly undertaken by Strong and Bright to removed Strong's son from the United States to Costa Rica.

On June 15, 2022, Strong appeared on an arrest warrant in the Southern District of Florida and was committed to the District of Montana. *See*, Rule 5 Docs. (Doc. 20.) On August 19, 2022, Strong made his initial appearance before the Magistrate Judge. He entered not guilty pleas to Counts I and II of the Indictment and counsel was appointed to represent him. *See*, Min. (Doc. 25.) Bright subsequently entered a guilty plea to one count of False Statements. (Doc. 55.)

Strong proceeded to trial. In March of 2023, a 2-day trial was held in which Strong was represented by counsel. Strong's ex-wife, Heather Thompson ("Heather"), and others testified for the Government; Strong testified in his own defense. *See*, (Docs. 80 & 89.) At the conclusion of the proceedings, Strong was convicted of Count II, International Parental Kidnapping.

On July 27, 2023, following a sentencing hearing, Strong was committed to the custody of the Bureau of Prisons for 36 months, to be followed by 1 year of supervised release. *See e.g.*, (Docs. 113 & 114.)

Strong timely appealed. (Doc. 120.) Trial counsel moved to withdraw from representation, (Doc. 122), and Strong was appointed new counsel on appeal. (Doc. 124.) On August 23, 2024, the Ninth Circuit affirmed Strong's conviction and sentence. (Doc. 146.) Strong timely filed his motion pursuant to 28 U.S.C. § 2255 on November 12, 2024. (Doc. 149.)

### III. Analysis

The Court has considered Strong's challenge to the validity of his sentence. For the reasons explained below, the § 2255 motion will be dismissed.

### A. Legal Standard

"A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States […] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979)(*quoting Bowen v. Johnston*, 306 U.S. 19, 27 (1939)). In contrast, "[e]rrors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." *United States v. Wilcox*, 640 F. 2d 970, 973 (9th Cir. 1981).

### B. Ineffective Assistance of Counsel

Strong presents eleven claims which all fall under the broad umbrella of ineffective assistance of counsel ("IAC"). (Doc. 149 at 3-5, 7-10.) IAC claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the

proceedings, Strong must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687-88, and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694.

Of these eleven claims, however, only four involve purported acts that trial counsel failed to take on Strong's behalf. *See*, (Doc. 149 at 7-10)(Claims 6, 7, 9, and 11.) The remainder of the claims simply represent Strong's own factual assertions and/or conclusions. These claims consist of the following:

Claim 1:   Heather called 911 on 3/25 and 3/26 of 2019. When interviewed by the investigating officer, she admitted I had not assaulted her & that she had lied to dispatch to get an officer to the scene;

Claim 2:   Thompson Falls Police Department was friends with Heather and had a friend from the police department following me;

Claim 3:   I was in counseling, up until the time of the offense, because of Heather's abuse. My therapist had been the one that urged me to divorce Heather because of her manipulation. My counselor was Cindy Darby of Sandpoint, Idaho.

Claim 4:   I tried to get Heather into counseling during our marriage. She went to three sessions with a therapist in Sandpoint.

Claim 5:   Heather was not abiding by the parenting plan either because she had not completed her parenting classes or anger management classes. I completed my parenting class in Sanders County.

Claim 8:   Brent Thompson, Heather Thompson's nephew, had previously

5

>   witnessed Heather's violent temper and instability & refused to attend the wedding for this reason; and,
>
> Claim 10:   Heather admitted that she used God to manipulate me at a previous divorce hearing.

None of these claims mention trial counsel nor does Strong explain how he believes his proceedings were purportedly prejudiced. Accordingly, Strong does not allege a single prima facie *Strickland* claim within this group. Accordingly, these seven claims will be dismissed.

In his remaining claims, Strong alleges:

> Claim 6:   Heather had been previously arrested in Memphis, Tennessee, for assaulting her ex-husband. This prior arrest has been expunged and requires a warrant to obtain. I told my trial attorney about this, but he did not investigate.
>
> Claim 7:   I took my son to the E.R. because I observed my son limping after getting out of my ex-wife's car. The E.R. doctor noted an injury to be non-accidental. My attorney stated none of this when asking for a subpoena.
>
> Claim 9:   My attorney did not interview any of the local town people that the FBI agent interviewed and had described Heather as not being a good parent.
>
> Claim 11:   My attorney failed to obtain my medical records from the doctor's office in Thompson Falls. After I went for medical care after Heather choked me.

While these claims at least mention trial counsel's performance- i.e. failure to interview, failure to investigate, failure to obtain records- Strong has still not alleged sufficient facts under *Strickland*, to adequately support his IAC claims.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland*, 466 U.S. at 668. "The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986).

As set forth above, to obtain relief on a claim of ineffective assistance of counsel, a defendant must show both that his attorney provided deficient performance, and that prejudice ensued as a result. *Strickland v. Washington*, 466 U.S. at 687-96. To establish deficient performance, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation fell within the "wide range" of reasonable professional assistance. *Id.* at 689. Thus, in evaluating allegations of deficient performance the reviewing court's scrutiny of counsel's actions or omissions is highly deferential. *Id.* "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effect of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* The defendant's burden is to show that counsel made errors so serious that he or she was not functioning as counsel guaranteed by the Sixth Amendment. *Id.* at 687.

In his motion, Strong fails to show that the acts that counsel purportedly failed to take on his behalf were objectively unreasonable. For example, in Claim 6, Strong faults counsel for not obtaining a warrant to further investigate a prior assault arrest his ex-wife Heather purportedly had at an unidentified time in Memphis, Tennessee. But the criminal conduct at issue in Strong's case surrounded events that began in Montana and eventually extended internationally, in which Strong interfered with his ex-wife's parenting rights, ultimately culminating with international parental kidnapping charges. Thus, it was not unreasonable for counsel to focus on the conduct and allegations involved in the criminal case, rather than pursuing an investigation into unrelated and/or expunged criminal conduct on the part of one of the victims.

Similarly, Strong faults counsel for failing to interview unidentified townspeople to obtain statements that Heather was a bad mother (Claim 9) or to obtain medical records suggesting that Heather had previously choked him (Claim 11). The evidentiary value of such information, as it relates to the charge of International Parental Kidnapping, is questionable at best.

In deciding IAC issues, courts "will neither second-guess counsel's decisions, nor apply the fabled twenty-twenty vision of hindsight." *Strickland*, 466 U.S. at 688. "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540

U.S. 1, 8 (2003)(per curiam).  The undersigned presided over the trial and observed that Strong's counsel, an experienced attorney, was prepared for trial and appeared to have pursued areas pertinent to prepare and present a defense to the charges Strong faced.  Strong has not shown that trial counsel's performance fell "outside of the wide range of professionally competent assistance." *See Strickland*, 466 U.S. at 689. Accordingly, this Court affords counsel the high level of deference required under the prevailing professional norms.  *Id.* at 689.  Strong has not shown deficient performance.

But even if this Court were to find that counsel performed deficiently under *Strickland's* first prong, Strong has not shown the attendant prejudice.  The second prong of the *Strickland* test requires a showing of actual prejudice related to counsel's performance. In order to establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In his motion, Strong provides no explanation as to how he believes the result of his trial would have been different had counsel undertaken the acts suggested.  For example, had counsel obtained information relative to Heather's arrest in Tennessee, Strong does not explain how the jury's decision would have been impacted by this information.  Or, put another way, Strong has not shown a

reasonable probability that but for counsel's failure to obtain Heather's out of state arrest information, there would have been a reasonable doubt regarding his guilt. *See Strickland*, 466 U.S. at 695.

Similarly, in Claim 7, Strong faults counsel for failing to include information that Strong had previously taken his son to the Emergency Room for what was believed to be a "non-accidental" injury when counsel sought a subpoena for his son's medical records. Strong raised this issue on appeal, but it was dismissed because he had failed to meet the requirements for the issuance of a subpoena. *See generally, USA v. Strong*, Cause No. 23-1780, Mem. (9th Cir. Aug. 23, 2024); *see also*, (Doc. 146.) In the instant matter Strong's claim fails on a similar basis. He does not articulate exactly what records he believes counsel should have obtained, the relevancy the Emergency Room records to his defense, or the basis for the records' admissibility. He also fails to show attendant prejudice, that is how the outcome of his trial would have been undermined by the records. *See, Strickland*, 466 at 694.

Claims 9 and 11 fail for the same reason. In relation to both of these claims, it appears Strong's intent was to cast Heather in a negative light. Specifically, that that other community members would have described her as "not being a good parent" (Claim 9), and that she had previously been aggressive toward Strong and choked him, (Claim 11.) Again, Strong does not explain how the result of his trial

10

would have been different had counsel interviewed the local town people that had a negative view of Heather's parenting or had obtained medical records showing Heather had displayed past violence toward Strong. He fails to show that either item of evidence would have challenged or undermined the allegation that he removed his son from the United States with the intent to obstruct Heather's ability to exercise her parental rights. At most, the Court can read into Strong's claims that he speculates such evidence might have affected the jury's verdict. But Strong's mere speculation does not establish *Strickland* prejudice. *See e.g., Clark v. Lewis*, 1 F. 3d 814, 823 (9th Cir. 1993).

Because Strong fails to show that counsel performed deficiently or that he was prejudiced under *Strickland*, Claims 6, 7, 9, and 11 will be dismissed for lack of merit.

### IV.    Certificate of Appealability

A movant may appeal a district court's dismissal of a § 2255 motion only after obtaining a certificate of appealability from the district court or the circuit court. 28 U.S.C. § 2253( c)(1)(B). "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253( c)(2). This standard is satisfied if "jurists of reason could disagree with the district court's resolution of the constitutional claims" or "conclude the issues presented are adequate to deserve encouragement

to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)(*citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Under this standard, the Court concludes that Strong is not entitled to a certificate of appealability. Claims 1, 2, 3, 4, 5, 8 and 10, all fail to state a valid claim for relief under *Strickland*. Claims 6, 7, 9, and 11, lack merit. No reasonable jurist would find debatable Strong's failure to demonstrate entitlement to relief on the claims presented in his § 2255 Motion.

Accordingly, IT IS ORDERED:

1. Strong's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 149) is DENIED and DISMISSED.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Strong files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 24-161-M-DLC are terminated and shall close the civil file by entering judgment in favor of the United States and against Strong.

DATED this 11th day of February, 2025.

/s/ Dana L. Christensen
Dana L. Christensen
United States District Court Judge